UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FURNITURE ROYAL, INC., | Case No. 2:18-CV-318 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| SCHNADIG INTERNATIONAL CORP, et al., | |
| Defendant(s). | |

Presently before the court is defendants Schnadig International Corporation d/b/a Caracole's ("Schnadig") motion to dismiss. (ECF No. 9). Plaintiff Furniture Royal, Inc. ("Furniture Royal") filed a response (ECF No. 25), to which Schnadig replied (ECF No. 26).

Also before the court is defendant Wayfair, Inc.'s ("Wayfair") motion to dismiss. (ECF No. 13). Furniture Royal filed a response. (ECF No. 23). Wayfair did not file a reply and the time to do so has passed.

Also before the court is Wayfair and Schnadig's (collectively "defendants") motion for sanctions. (ECF Nos. 11, 22). Furniture Royal filed a response (ECF No. 21), to which Wayfair replied (ECF No. 24).

**I.  Facts**

Furniture Royal has brought forth this antitrust action challenging Schnadig's practice of selling its furniture online at discount prices. (ECF No. 4). In its complaint, Furniture Royal alleges the following facts:

Schnadig manufactures and markets high end furniture across the United States. *Id.* Furniture Royal is a brick and mortar retailer that has been selling Schnadig's furniture since

James C. Mahan
U.S. District Judge

March 2010. *Id.* Throughout these dealings, Schnadig assured Furniture Royal that its furniture prices were fixed. *Id.*

In 2016, Schnadig entered into an agreement with Wayfair to sell its furniture directly to consumers on wayfair.com. *Id.* In September 2017, Wayfair launched a subsidiary website, perigold.com, which is a second online platform that Schnadig uses to sell furniture. *Id.* Although consumers use these websites to purchase furniture, Wayfair does not maintain any tangible inventory. *Id.* Instead, Schnadig sends its products directly to the consumers, which renders the websites as advertising platforms. *Id.*

Schnadig sold and continues to sell its furniture on wayfair.com and perigold.com at below retail prices—in some cases up to 40% off MSRP. *Id.* Because Furniture Royal cannot compete with these online prices, it has become an "Exhibit Room" where consumers come to see the products and then purchase the furniture directly from Schnadig on wayfair.com and perigold.com. *Id.*

On February 26, 2018, Furniture Royal filed the underlying complaint, alleging eight causes of action: (1) price discrimination in violation of the Robinson–Patman Act, 15 U.S.C. § 13, against defendants; (2) civil conspiracy against defendants; (3) violation of section 1 of the Sherman Act, 15 U.S.C. § 1, against defendants; (4) fraudulent misrepresentation against defendants; (5) price discrimination in violation of the Robison–Patman Act; (6) violation of the Nevada Unfair Trade Practices Act ("NUTPA"), NRS 598A.060, against defendants; (7) tortious interference with prospective economic advantage against defendants; and (8) breach of contract against Schnadig. (ECF No. 4).

Now, defendants move to dismiss Furniture Royal's complaint for failure to state a claim. (ECF Nos. 9, 13). Defendants also move for sanctions pursuant to Federal Rule of Civil Procedure 11(b). (ECF Nos. 11, 22).

**II. Legal Standard**

*a. Failure to state a claim*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not

unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

 b. *Sanctions*

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)). The purpose of Rule 11 is to deter baseless filings and litigation abuses. *See Smith & Green Corp. v. Trs. of Constr. Indus. & Laborers Health & Welfare Tr.*, 244 F. Supp. 2d 1098, 1103 (D. Nev. 2003). Further, Rule 11 addresses two separate problems: "first, the problem of frivolous filings; and second, the problem of misusing judicial procedures as a weapon for personal or economic harassment." *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 (9th Cir. 1988).

"An attorney is subject to Rule 11 sanctions, among other reasons, when he presents to the court 'claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]'" *Holgate v. Baldwin*, 425 F.3d 671, 675–76 (9th Cir. 2005) (quoting Fed. R. Civ. P. 11(b)(2)).

"A court considering a motion pursuant to Rule 11 must do two things: (1) decide whether a Rule 11 violation has occurred, and (2) decide whether to impose sanctions." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 35 (1991); *Avendano v. Sec. Consultants Grp.*, 302 F.R.D. 588, 591 (D. Nev. 2014).

> Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually "baseless" from an objective perspective, and (2) if the attorney has conducted "a reasonable and competent inquiry" before signing and filing it.

*Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).

. . .

. . .

### III. Discussion

Before the court are several motions. First, the court will grant in part and deny in part defendants' motions to dismiss. Second, the court will deny defendants' motion for sanctions pursuant to Rule 11(b).

*a. Failure to state a claim*

Defendants move to dismiss all of Furniture Royal's causes of action. The court hereby addresses each cause of action in turn.

*i. Price discrimination in violation of the Robinson–Patman Act*

"[T]hree categories of competitive injury may give rise to a Robinson–Patman Act claim: primary line, secondary line, and tertiary line." *Volvo Trucks North America, Inc. v. Reeder-Simco GMC, Inc.*, 546 U.S. 164, 176 (2006). "Primary-line cases entail conduct—most conspicuously, predatory pricing—that injures competition at the level of the discriminating seller and its direct competitors." *Id.* Secondary-line cases involve injury to the competition between the seller's customers, which are typically referred to as "favored" or "disfavored" purchasers. *Id.* Tertiary-line cases involve injury to the competition between the purchasers' costumers. *Id.*

Furniture Royal has failed to state a claim under any of these categories. According to the complaint, Schnadig engaged in discriminatory pricing between Furniture Royal, which is a retailer, and end-use consumers. (ECF No. 4). However, the Robinson–Patman Act is inapplicable to price discrimination between retailers and ultimate purchasers because retailers are not in competition with end-use consumers. *O'Byrne v. Cheker Oil Co.*, 727 F.2d 159, 164 (7th Cir. 1984) (citing *Falls City Industries, Inc. v. Vanco Beverage Inc.*, 460 U.S. 428, 433 (1983); *see Volvo Trucks*, 546 U.S. at 176 (holding that the Robinson–Patman act prohibits only price discrimination that threatens to injure competition). Therefore, the court will dismiss without prejudice Furniture Royal's first and fifth causes of action for price discrimination in violation of the Robinson–Patman Act.

. . .

. . .

James C. Mahan
U.S. District Judge

*ii. Violation of section 1 the Sherman Act*

To state a valid claim under the Sherman Act, a plaintiff must allege that the defendant has market power within a relevant market. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1044 (9th Cir. 2008). A "relevant market" has two dimensions: the "relevant geographic market" and the "relevant product market." *Brown Shoe v. United States*, 370 U.S. 294, 325 (1962).

Although Furniture Royal has alleged that the relevant geographic market is the United States and the relevant product market is the furniture industry, the complaint does not provide any details regarding Schnadig's power to cause anticompetitive effects in the relevant market. (ECF No. 4). Accordingly, the court will dismiss without prejudice Furniture Royal's third cause of action for violation of section 1 of the Sherman Act.

*iii. Civil conspiracy*

To state a claim for civil conspiracy a plaintiff must allege that: (1) two or more defendants acted in concert with the intent to accomplish an unlawful objective for the purpose of harming another, and (2) damage resulted from the concerted acts. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001); *see also Steele v. EMC Mortg. Corp.*, No. 59490, 2013 WL 5423081, at *1 (Nev. Sept. 20, 2013).

Furniture Royal alleges that the defendants engaged in concerted action with the intention to undercut Furniture Royal's business through various unlawful anticompetitive practices. (ECF No. 4). The complaint does not identify the specific unlawful anticompetitive practices that Furniture Royal's civil conspiracy claim relies on, other than incorporating the allegations in support of its claims for violation of the Sherman Act and the Robinson–Patman act. *Id*. However, because Furniture Royal has failed to adequately plead those respective claims, Furniture Royal has likewise failed to plausibly plead that defendants conspired to effectuate unlawful objectives. Accordingly, the court will dismiss without prejudice Furniture Royal's claim for civil conspiracy.

. . .

. . .

### *v. Fraudulent misrepresentation*

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff must allege "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The allegations must be specific enough to give defendants notice of the misconduct and why it was false or misleading. *Id*.

Furniture Royal primarily makes two allegations in support if its claim for fraudulent misrepresentation: (1) that Schnadig made "assurances that its prices were fixed" and (2) that Furniture Royal "inquired whether there was special pricing and [d]efendants denied such actions." (ECF No. 4). Because these bare-bones allegations fail to provide the "the who, what, when, where, and how of the misconduct charged," the court will dismiss without prejudice Schnadig's claim for fraudulent misrepresentation. *Vess*, 317 F.3d at 1106.

### *v. Violation of NUTPA*

The NUTPA "tracks the provisions of the Sherman Act" and "adopts by reference the case law applicable to the federal antitrust laws[.]" *See Boulware v. Nev. Dep't of Human Res.*, 960 F.2d 793, 800 (9th Cir. 1992); Nev. Rev. Stat. § 598A.050. Therefore, because the analysis under the NUTPA is the same as the Sherman Act, the court will dismiss Furniture Royal's NUTPA claim on the same grounds that it will dismiss Furniture Royal's claim for violation of section 1 of the Sherman Act.

### *vi. Tortious interference with prospective economic advantage*

To state a claim for tortious interference with prospective economic advantage, a plaintiff must allege "(1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct." *Consol. Generator–Nev., Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 971 P.2d 1251, 1255 (1998) (per curiam).

Here, Furniture Royal has not alleged any details pertaining to prospective contractual relationships other than alleging that potential costumers used its store as an "Exhibit Room." *See* (ECF No. 4). Accordingly, the court will dismiss this claim without prejudice.

*vii. Breach of contract*

To state a claim for breach of contract, a plaintiff must allege: (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2001); *see also Sierra Dev. Co. v Chartwell Advisory Group, Ltd.*, 223 F. Supp. 3d 1098, 1103 (D. Nev. 2016).

Furniture Royal alleges that it entered into a dealer agreement with Schnadig that provided, through its course of dealing, that Schandig would not compete against Furniture Royal. (ECF No. 4). Schnadig allegedly breached this promise when it began to sell furniture directly to consumers. *Id*. Furniture Royal has also pleaded that Schnadig's actions caused several injuries, including loss of profits. *Id.* These allegations are sufficient to plausibly plead breach of contract. Therefore, the court will deny defendants' motions to dismiss as to this claim.

b. *Sanctions*

Defendants argue that the court should award sanctions because Furniture Royal's counsel failed to make a reasonable inquiry into the nature of Wayfair's business. (ECF Nos. 11, 22). More specifically, defendants argue that public records clearly show that Wayfair is a retailer rather than, as Furniture Royal alleges, an advertisement service. *Id*. However, in its response, Furniture Royal has summarized various public records and explained how it came to the conclusion that Wayfair is not a retailer. (ECF No. 21). After reviewing the corresponding exhibits, the court concludes that Furniture Royal's interpretation of Wayfair's public records is not so egregious as to warrant the "extraordinary remedy" of Rule 11 sanctions. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996).

. . .

. . .

James C. Mahan
U.S. District Judge

- 8 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Schnadig's motion to dismiss (ECF No. 9) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that Wayfair's motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that defendants' motion for sanctions (ECF No. 11) be, and the same hereby is, DENIED.

DATED December 13, 2018.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE