**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| FURNITURE ROYAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SCHNADIG INTERNATIONAL CORP., et al., <br><br> Defendants. | Case No. 2:18-cv-00318-JCM-CWH <br><br> **REPORT AND RECOMMENDATION** |

Presently before the court is plaintiff Furniture Royal, Inc.'s ("Furniture Royal") motion for leave to amend the complaint (ECF No. 37), filed on April 9, 2019. Defendant Schnadig International Corp. ("Schnadig") filed a response (ECF No. 40) on May 3, 2019. Plaintiff filed a reply (ECF No. 47) on May 17, 2019.

**I.   BACKGROUND**

This is an antitrust action challenging Schnadig's practices of selling discounted furniture online. (Compl. (ECF No. 4).) Plaintiff is a brick and mortar store that has been selling Schnadig's furniture in its store. (*Id.*) Plaintiff alleges that Schnadig entered into an agreement with defendant Wayfair Inc. ("Wayfair") to sell its furniture to consumers via Wayfair's online website. (*Id.*) Wayfair and its subsidiary, Perigold, allegedly sell Schnadig's furniture at below retail prices. (*Id.*) Plaintiff complaint contains eight causes of action, including (1) price discrimination in violation of the Robinson–Patman Act, 15 U.S.C. § 13, against defendants; (2) civil conspiracy against defendants; (3) violation of section 1 of the Sherman Act, 15 U.S.C. § 1, against defendants; (4) fraudulent misrepresentation against defendants; (5) price discrimination in violation of the Robison–Patman Act; (6) violation of the Nevada Unfair Trade Practices Act

1   ("NUTPA"), NRS 598A.060, against defendants; (7) tortious interference with prospective

2   economic advantage against defendants; and (8) breach of contract against Schnadig.  (*Id.*)

3         Defendants moved to dismiss the complaint for failure to state a claim.  (Mot. to dismiss

4   (ECF Nos. 9, 13).)  The court granted the motion to dismiss in part and denied the motion in part.

5   (Order (ECF No. 31).)  Specifically, the court dismissed plaintiff's first seven claims without

6   prejudice, and found the claim for breach of contract sufficiently pled.  (*Id.*)  The court then

7   issued its scheduling order, providing May 1, 2019 as the deadline to file motions to amend the

8   pleadings.  (Scheduling Order (ECF No. 35).)

9         Plaintiff now moves to amend the complaint, arguing that leave to amend should be freely

10  granted.  (Mot. to Amend (ECF No. 37).)  Schnadig responds that plaintiff unduly delayed in

11  seeking the amendment, that it will be unfairly prejudiced by the amendment, and that any

12  amendment would be futile.  (Resp. (ECF No. 40).)  Plaintiff replies that it is entitled to amend

13  the complaint per the court's order on the motion to dismiss, and that it has cured the deficiencies

14  in its complaint.  (Reply (ECF No. 47).)

15  **II.   ANALYSIS**

16        Generally, a plaintiff may amend his complaint once "as a matter of course" within

17  twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or

18  motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its

19  pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P.

20  15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*; *Foman v. Davis*, 371

21  U.S. 178, 182 (1962).  "The court considers five factors in assessing the propriety of leave to

22  amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and

23  whether the plaintiff has previously amended the complaint."  *United States v. Corinthian Colls.*,

24  655 F.3d 984, 995 (9th Cir. 2011).  A proposed amendment is futile if it could not withstand a

25  Rule 12(b)(6) motion for failure to state a claim.  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214

26  (9th Cir. 1988).  It is within the court's discretion to determine whether to grant leave to amend,

27  and "[a] district court does not err in denying leave to amend where the amendment would be

28  futile."  *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009).

By contrast, futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 809 (9th Cir. 2003).  Futility arises when the amendment is legally insufficient, *Miller v. Rykoff-Sexon, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), or "where the amended complaint would ... be subject to dismissal[,]" *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). When refusing to grant leave, the Court must justify its reasoning. *Leadsinger, Inc. v. BMG Music Publ'q*, 512 F.3d 522, 532 (9th Cir. 2008) ("An outright refusal to grant leave to amend without a justifying reason is ... an abuse of discretion.") (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Here, the court finds no indicia of bad faith on behalf of plaintiff in seeking the amendment.  Plaintiff filed this motion before the deadline to amend, as delineated in the court's scheduling order.  (*See* Scheduling Order (ECF No. 35).)  As such, the court finds that plaintiff did not delay in seeking the amendment.  The court also finds no prejudice to defendant, as the proposed complaint closely mirrors plaintiff's original complaint.  (*Compare* Compl. (ECF No. 4); Proposed Amended Compl. (ECF No. 37-1).)  Therefore, there should be no surprise to defendant as to plaintiff's allegations.  The court does find, however, that plaintiff's proposed amendment is futile as to all claims but its fraudulent misrepresentation and breach of contract claim.

First, the antitrust claims, the first and fifth causes of action, do not contain any factual allegations specific to Schnadig.  The first and fifth causes of action are also devoid of any factual allegations as to Wayfair's power to cause anticompetitive effects in the relevant market, and the proposed complaint contains only bare assertions of a monopoly.  Second, because plaintiff's civil conspiracy claim is predicated on the first and fifth causes of action, it must also fail.  Third, plaintiff failed to amend the third, sixth, and seventh causes of action previously dismissed by the court.

As for plaintiff's remaining causes of action, the fraud claim and the breach of contract claim, the court does not find that amendment would be futile.  The court previously found that

plaintiff sufficiently pled its claim for breach of contract, and as such, that claim must proceed. Plaintiff's proposed amendment to the fraudulent misrepresentation claim cures the deficiencies identified by the court in its order on the motion to dismiss. The claim now includes information specific enough to give defendants notice of the alleged false and misleading conduct. The court will therefore recommend that the motion to amend the complaint be granted in part and denied in part.

### III.   CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that plaintiff's motion for leave to amend the complaint (ECF No. 37) be GRANTED in part and DENIED in part consistent with this report and recommendation.

IT IS FURTHER RECOMMENDED that plaintiff be permitted to file an amended complaint that includes his proposed amendment to the fraudulent misrepresentation claim and breach of contract claim.

### IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 30, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE