# EXHIBIT 2

Declaration of Lenwood Rich

# EXHIBIT 2

Declaration of Lenwood Rich

Lisa Wiltshire Alstead (NSBN 10470)
Laura Jacobsen (NSBN 13699)
MCDONALD CARANO LLP
100 West Liberty Street, 10th Floor
Reno, NV 89501
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
lalstead@mcdonaldcarano.com
ljacobsen@mcdonaldcarano.com

*Attorneys for Defendant/Counterclaimant
Schnadig International Corp.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FURNITURE ROYAL, INC., a Nevada Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SCHNADIG INTERNATIONAL CORP., d/b/a CARACOLE, a North Carolina Corporation,<br><br>Defendant. | CASE NO.: 2:18-cv-00318-JCM-DJA<br><br>**DECLARATION OF LENWOOD RICH IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S CLAIMS** |
| SCHNADIG INTERNATIONAL CORP., d/b/a CARACOLE, a North Carolina Corporation,<br><br>Counterclaimant,<br><br>vs.<br><br>FURNITURE ROYAL, INC., a Nevada Corporation,<br><br>Counterdefendant. | |

I, Lenwood Rich, declare under penalty of perjury under the laws of the State of North Carolina as follows:

1. I am over the age of 18 and am not a party to this litigation. I have personal knowledge of the facts set forth below except those facts set forth upon information and belief. As to those facts, I believe them to be true. If called as a witness, I could and would testify competently to the facts set forth below. I am authorized to provide this Declaration on behalf of Schnadig International Corporation ("Schnadig"), and I submit this Declaration in support of Schnadig's Motion for Summary Judgment on Plaintiff's Claims ("Motion").

2. Schnadig is a world class furniture manufacturing operation specializing in upholstery, living room furniture, dining room furniture, and bedroom furniture. Schnadig's mission is to be a globally integrated and trusted home furnishings resource known for creativity and value.

3. At all times relevant to this lawsuit, I was employed by Schnadig as the Senior Vice President of Sales and served as the sales contact for both Furniture Royal, Inc., Plaintiff in this action, and Wayfair, Inc., formally a defendant in this action. I held this position from 2012 until November 1, 2019.

4. As the Senior Vice President of Sales, I oversaw and am familiar with all sales of Schnadig's products, including Schnadig's Caracole® line of products. My duties included managing relationships with dealers and retailers of Schnadig's products, including Plaintiff Furniture Royal, Inc. ("Furniture Royal"), dismissed party Wayfair, Inc. ("Wayfair"), and other now also dismissed defendants.

5. Schnadig sold furniture, including furniture from its Caracole® line, to Furniture Royal pursuant to the Credit Application entered into by Furniture Royal and Schnadig on March 23, 2010. A true and correct copy of the Credit Application is attached to the Motion as **Exhibit 1**.

6. From 2010 through 2017, the parties' course of business with furniture orders, invoicing and payment was generally, but not always, in accordance with the terms of the Credit Application as amended.

7. Furniture Royal, while an approved retailer, would place orders for furniture directly with Schnadig, through Schnadig's local sales representatives and using Schnadig's online order entry portal, "Furnishweb."

8. After an order was received and accepted by Schnadig, the furniture was shipped and an invoice issued to the retailer.

9. Over the course of the parties' relationship, on multiple occasions Furniture Royal failed to pay invoices under the net payment terms of the Credit Application and was put on a "credit hold."

10. Ultimately, in 2017, following failure to pay five invoices, despite demand, Furniture Royal's status as an approved retailer was revoked, it was prohibited from purchasing furniture online through "Furnishweb" and the account was referred to Schnadig's credit insurance carrier for collection. To date, Furniture Royal owes Schnadig $37,710.25 plus interest and fees.

11. Schnadig does not sell any products directly to consumers.

12. Rather, Schnadig sells its products at wholesale to approved dealers and retailers such as Furniture Royal, Wayfair, and others, who then re-sell Schnadig's products at retail directly to consumers

13. Both Furniture Royal and Wayfair were wholesale customers of Schnadig, in that each purchased Schnadig's products at wholesale and re-sold them to retail consumers. Both Furniture Royal and Wayfair purchased products from Schnadig's Caracole® line.

14. To my knowledge, Wayfair does not pay and has not paid Schnadig lower prices for Schnadig's products than Furniture Royal paid Schnadig for identical products. In fact, the opposite is true. Furniture Royal purchased Schnadig's products at lower prices than were charged Wayfair.

15. Further, as the Vice President of Sales, neither myself, nor any Schnadig employee to my knowledge, made any intentionally misleading or untruthful representations to Israel Salei or anyone else at Furniture Royal to the effect that Schnadig was not competing against Furniture Royal with respect to Caracole® furniture sold by Furniture Royal when in fact Schnadig was selling Caracole® products directly to consumers. Schnadig has not and does not sell its products

directly to consumers. Nor did I, or any Schnadig employee to my knowledge, ever make any statement to Israel Salei or anyone else at Furniture Royal that Schnadig offered special pricing for Schnadig's products being sold by Schnadig to consumers directly. Again, Schnadig has not and does not sell its products directly to consumers.

16. Additionally, neither myself nor any employee of Schnadig, to my knowledge, ever discussed with Israel Salei or anyone else at Furniture Royal, marketing the Caracole® brand for direct to consumer sales.

17. During the course of business relationship between Furniture Royal and Schnadig, the possibility of an exclusive agreement for Furniture Royal with respect to the Caracole® line and Schnadig's requirements in that regard were discussed. However, ultimately no exclusive agreement was entered into. A true and correct copy of my June 17, 2014 correspondence to Israel Salei, an officer of Furniture Royal and my sales contact at Furniture Royal, explaining exclusivity requirements is attached to the Motion as **Exhibit 3**.

18. On or around February 22, 2017, the parties put together a draft agreement that represented what an exclusive agreement might look like. A true and correct copy of this draft agreement is attached to the Motion as **Exhibit 4**.

19. The February 22, 2017 draft agreement addressing exclusivity was never executed because Furniture Royal was never approved by Schnadig as a To-The-Trade showroom and therefore no exclusivity with respect to the Caracole® product line in Las Vegas was ever offered to Furniture Royal.

20. At no time was there an exclusive agreement entered into by Schnadig and Furniture Royal during the business relationship between Furniture Royal and Schnadig.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Executed this 24 day of March, 2020 in Winston-Salem, North Carolina.

_____
Lenwood Rich