UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FURNITURE ROYAL, INC., | Case No. 2:18-CV-318 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| SCHNADIG INTERNATIONAL CORP, et al., | |
| Defendant(s). | |

Presently before the court is defendant Schnadig International Corporation d/b/a Caracole's ("Schnadig") motion for summary judgment on its counterclaims. (ECF No. 59). Plaintiff Furniture Royal Inc. ("Furniture Royal") filed a response (ECF No. 62), to which Schnadig replied (ECF No. 63).

Also before the court is Schnadig's motion for summary judgment on Furniture Royal's claims. (ECF No. 67). Furniture Royal did not respond, and the time to do so has passed.

**I.   Background**

Furniture Royal brought this action challenging Schnadig's alleged practice of selling its furniture online at discount prices directly to consumers. (ECF No. 4). Schnadig manufactures and markets high end furniture across the United States. *Id*. Furniture Royal is a brick and mortar retailer that has been selling Schnadig's furniture since March 2010. *Id*.

In its complaint, Furniture Royal alleges that throughout the parties' dealings, Schnadig assured Furniture Royal that its furniture prices were fixed and that it does not sell products directly to consumers at discounted prices. *Id*. In 2016, Schnadig entered into an agreement with Wayfair, Inc. ("Wayfair") to sell its furniture directly to consumers on Wayfair.com. *Id*. In

**James C. Mahan**
**U.S. District Judge**

September 2017, Wayfair launched a subsidiary website, perigold.com, which is a second online platform that Schnadig uses to sell furniture. *Id*. Although consumers use these websites to purchase furniture, Wayfair does not maintain any tangible inventory. *Id*. Instead, according to Furniture Royal, Schnadig sends its products directly to the consumers, which effectively renders the websites advertising platforms. *Id*.

Schnadig sold and continues to sell its furniture on Wayfair.com and Perigold.com at below-retail prices—in some cases up to 40% less than the manufacturer's suggested retail price. *Id*. Because Furniture Royal cannot compete with these online prices, it avers that it has become an "exhibit room" where consumers come to see the products and then purchase the furniture directly from Schnadig on Wayfair.com and Perigold.com. *Id*.

On February 26, 2018, Furniture Royal filed this action against Schnadig and Wayfair, alleging eight causes of action involving federal antitrust violations and intertwined state law claims, seeking damages exceeding $1 million. *Id*. The court dismissed Furniture Royal's first seven claims without prejudice and dismissed Wayfair as a party. (ECF No. 31). The court found the claim for breach of contract was sufficiently pled and allowed it to proceed. *Id.*

On August 23, 2019, Furniture Royal filed an amended complaint against Schnadig alleging (1) fraudulent misrepresentation and (2) breach of contract. (ECF No. 53). Schnadig filed a counterclaim against Furniture Royal alleging (1) breach of contract, (2) breach of covenant of good faith and fair dealing, and (3) unjust enrichment. (ECF No. 54). Furniture Royal did not reply to Schnadig's counterclaims and the time to do so has passed. Schnadig now moves for summary judgment on all claims. (ECF Nos. 59; 67).

On March 27, 2020, Furniture Royal's counsel moved to withdraw as counsel of record, explaining that Furniture Royal had failed to meet its obligations to her firm and ceased all communications with her. (ECF Nos. 71; 72). In granting counsel's motion to withdraw, the court ordered Furniture Royal to retain new counsel by April 30, 2020, if it intended to continue to litigate this matter. (ECF No. 72). Furniture Royal has failed to advise the court whether it retained new counsel, and the time to do so has passed.

. . .

**James C. Mahan**
**U.S. District Judge**

## II.     Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the nonmoving party.  *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990).  However, to withstand summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The opposing party need not establish a dispute of

material fact conclusively in its favor. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Id.*

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether a genuine dispute exists for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   Discussion**

  *A.   Summary judgment on Schnadig's counterclaim*

Schnadig's breach of contract counterclaim arises from the parties' 2010 credit agreement. (ECF Nos. 59; 59-1). Breach of contract is "a material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987). "Nevada law requires the plaintiff in a breach of contract action to show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones,* 1 Nev. 405 (Nev. 1865)).

It is undisputed that Furniture Royal and Schnadig's credit agreement is a valid and enforceable contract. It is also undisputed that, under the parties' agreement, Furniture Royal was obligated to pay Schnadig for furniture ordered within a term of net thirty, forty-five, or sixty days (depending on the type of purchase order) from the invoice date. (ECF No. 59 at 3). In 2017, Furniture Royal placed five orders for furniture, which Schnadig delivered. (ECF No.

59-5). Schnadig then issued invoices totaling $37,710.25. (ECF No. 59-3). Furniture Royal has failed to pay the outstanding invoices, which remain unpaid despite Schnadig's demand and collection efforts. (ECF No. 59 at 2).

There is no genuine issue of material fact that Furniture Royal failed to pay for the furniture it ordered from Schnadig. Furniture Royal, therefore, breached the agreement by failing to make payments to Schnadig, resulting in monetary damages.

Pursuant to NRS 99.040(1) and NRS 17.130, Schnadig seeks interest to be added from the date the payments became due. *Id.* at 8. As of December 6, 2019, the undisputed total due and payable to Schnadig for the outstanding invoices plus interest is $43,540.62. *Id*. at 4–5. The court finds an award of pre- and post-judgment interest is appropriate.

Accordingly, Schnadig has successfully proven a claim of breach of contract.[1] The court grants Schnadig's motion.

### B.  *Summary judgment on Furniture Royal's claims*

Furniture Royal does not oppose Schnadig's motion for summary judgment. (*See* ECF Nos. 71 at 2–3; 72) (explaining that Furniture Royal's person most knowledgeable ("PMK"), Israel Salei, has not participated in this litigation for approximately nine months due to health problems and remains without counsel). However, the court cannot grant a summary judgment motion merely because it is unopposed. *Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003). The court may grant summary judgment only if "the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

#### a.  *Fraudulent misrepresentation*

Under Nevada law, the elements of fraudulent misrepresentation are: (1) a false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the

---

[1] The court dismisses Schnadig's unjust enrichment claim because there is a written contract. *See Lipshie v. Tracy Inv. Co.*, 566 P.2d 819, 824 (Nev. 1977) (explaining that a party cannot bring an action for unjust enrichment when a written agreement exists). Further, it seems Schnadig abandoned its breach of covenant of good faith and fair dealing counterclaim. (*See generally* ECF No. 59). Therefore, the court dismisses it as well.

James C. Mahan
U.S. District Judge

- 5 -

misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation. *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998) (internal citation omitted). Furniture Royal must prove these elements with clear and convincing evidence. *See Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1155 (9th Cir. 2005) (citing *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992)).

Furniture Royal primarily makes two allegations in support if its claim for fraudulent misrepresentation: (1) when Furniture Royal inquired whether Schnadig offered "special pricing on its furniture to consumers or sell to consumers directly," Schnadig falsely denied doing so and (2) Schnadig made "assurances that its prices were fixed" when, in reality, Schnadig was selling directly to consumers at reduced prices. (ECF No. 53 at 15–16).

In December 2018, this court dismissed Furniture Royal's fraudulent misrepresentation claim without prejudice, because "these bare-bones allegations fail to provide the 'the who, what, when, where, and how of the misconduct charged.'" (citing *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). (ECF No. 31 at 7). Furniture Royal's amended complaint did not provide additional facts to address the deficiencies of its fraudulent misrepresentation claim. (*See* ECF No. 53 at 15–17).

Further, it is undisputed that Furniture Royal never propounded or produced any discovery on the fraudulent misrepresentation claim. (ECF No. 67-6 at 2–3). On the other hand, Schnadig provides sworn declarations from Lenwood Rich, Caracole's Vice President of Sales and manager of the relationship between Caracole and Furniture Royal. (ECF no. 67-2). In his sworn declaration, Mr. Rich disputed Furniture Royal's allegations:

> Schnadig has not and does not sell its products directly to consumers. Nor did I, or any Schnadig employee to my knowledge, ever make any statement to Israel Salei or anyone else at Furniture Royal that Schnadig offered special pricing for Schnadig's products being sold by Schnadig to consumers directly. Again, Schnadig has not and does not sell its products directly to consumers."

*Id.* at 3–4.

Because Furniture Royal failed to produce evidence to support its fraudulent misrepresentation claim and Schnadig provided evidence to dispute it, Furniture Royal has failed

James C. Mahan
U.S. District Judge

- 6 -

to satisfy the clear and convincing evidence requirements to establish the elements of its fraudulent misrepresentation claim. Summary judgment is appropriate on this claim, and the court grants Schnadig's motion accordingly.

### b. Breach of contract

Breach of contract is "a material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987). "Nevada law requires the plaintiff in a breach of contract action to show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones,* 1 Nev. 405 (Nev. 1865)).

Furniture Royal alleges that there were "express and implied agreements" between the parties in which Schnadig assured Furniture Royal that it would be the exclusive distributor of certain Schnadig products. (ECF No. 53 at 8). Furniture Royal's amended complaint also refers to "an authorized dealer agreement." (ECF No. 53 at 17). However, no "authorized dealer contract" between Schnadig and Furniture Royal has been produced in discovery.

Furniture Royal was asked to "produce all documents and communications that evidence 'the parties [sic] entire contract and agreement' as alleged in the [amended complaint]." (ECF No. 67-5 at 6). In response, Furniture Royal provided no documents. *Id.* Although the evidence demonstrates there were discussions about the possibility of Schnadig granting Furniture Royal exclusive rights to sell certain products (ECF Nos. 69; 70), there is no evidence that proves these discussions came to fruition. The undisputed sworn declaration by Lenwood Rich confirms there was no "exclusivity" agreement. (ECF No. 67-2). The only known agreement is the credit application signed by Furniture Royal. (ECF No. 67-1).

Based on the undisputed evidence defendant provided, and absence of evidence from plaintiff, Furniture Royal fails to prove a breach of contract claim. Thus, the court grants Schnadig's motion.

. . .

. . .

James C. Mahan
U.S. District Judge

- 7 -

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for summary judgment on its counterclaims (ECF No. 59) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion for summary judgment on plaintiff's claims (ECF No. 67) be, and the same hereby is, GRANTED.

Defendant shall, within 14 days of this order, file a proposed judgment consistent with the foregoing.

DATED July 29, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**