Lisa Wiltshire Alstead (NSBN 10470)
Laura Jacobsen (NSBN 13699)
MCDONALD CARANO LLP
100 West Liberty Street, 10th Floor
Reno, NV 89501
Telephone: (775) 788-2000
Facsimile: (775) 788-2020
lalstead@mcdonaldcarano.com
ljacobsen@mcdonaldcarano.com

*Attorneys for Defendant/Counterclaimant*
*Schnadig International Corp.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FURNITURE ROYAL, INC., a Nevada Corporation, | CASE NO.:  2:18-cv-00318-JCM-DJA |
| Plaintiff, | **SCHNADIG INTERNATIONAL CORP.'S MOTION FOR ATTORNEY'S FEES** |
| vs. | |
| SCHNADIG INTERNATIONAL CORP., d/b/a CARACOLE, a North Carolina Corporation, | |
| Defendant. | |
| SCHNADIG INTERNATIONAL CORP., d/b/a CARACOLE, a North Carolina Corporation, | |
| Counterclaimant, | |
| vs. | |
| FURNITURE ROYAL, INC., a Nevada Corporation, | |
| Counterdefendant. | |

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

1   Defendant/Counterclaimant Schnadig International Corporation, d/b/a Caracole
2   ("Schnadig"), by and through its attorneys at the law firm of McDonald Carano LLP hereby
3   respectfully moves this Court for an award of attorney's fees against Plaintiff/Counterdefendant
4   Furniture Royal, Inc. ("Furniture Royal"). Schnadig's Motion for Attorney's Fees is based on
5   Federal Rule of Civil Procedure ("FRCP") 54(d)(2), Nevada Rule of Civil Procedure ("NRCP")
6   68, Nevada Revised Statutes ("NRS") 17.117 and 18.010, and the parties' written agreement.

7   Schnadig requests fees pursuant to NRCP 68 and NRS 17.117 because Furniture Royal
8   rejected a reasonable Offer of Judgment that Schnadig served more than two years before this
9   Court granted summary judgment in Schnadig's favor.  In addition, Schnadig is entitled to its
10  attorney's fees with respect to its contractual counterclaims against Furniture Royal pursuant to
11  the parties' written agreement and NRS 18.010.  The Court's July 29, 2020 Order (ECF No. 73)
12  granting both Schnadig's motion for summary judgment on its counterclaims and on Furniture
13  Royal's claims gave Schnadig a complete victory in this case.

14  Accordingly, Schnadig respectfully requests this Court to award it reasonable attorney's
15  fees from the date of the Offer of Judgment, which preceded the filing of Schnadig's counterclaim,
16  through the present date in the amount of **$83,375.50**.

17  Schnadig's Motion for Attorney's Fees is supported by the following memorandum of
18  points and authorities, the exhibits attached hereto, the pleadings and papers on file with the Court,
19  and any oral argument that the Court may entertain.

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

McDONALD ☒ CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This action began as a far-reaching antitrust action against Schnadig and former defendant and furniture retailer, Wayfair, Inc. ("Wayfair"), pleading almost every possible theory of alleged antitrust violations. Through successful motion work, Schnadig achieved dismissal of Furniture Royal's complicated antitrust theories and claims, leaving only a breach of contract and fraud claim to proceed past the pleading stage.

These dismissals were achieved only after both Schnadig and Wayfair shared facts with Furniture Royal that undermined any and all theories of antitrust – specifically that Wayfair was not Schnadig's web advertiser, but rather Schnadig's retail customer, and that Schnadig charged Wayfair higher prices for its products than it charged Furniture Royal.  After rejecting Schnadig's explanation and its reasonable Offer of Judgment in May 2018, Furniture Royal effectively abandoned this litigation when it ignored this Court's instructions to replace its counsel and declined to defend its own claims against Schnadig's Motion for Summary Judgment. Furniture Royal could have ended this litigation more than two years ago. Instead, Furniture Royal unreasonably pressed on before eventually abandoning its ill-conceived claims altogether. Under FRCP 54(d), NRS 17.117, and NRCP 68, Schnadig is entitled to an award of attorney's fees based on Furniture Royal's unreasonable rejection of Schnadig's timely, good-faith settlement offer.

Schnadig is also entitled to an award of attorney's fees under the express language of the parties' Credit Agreement, whereby Furniture Royal agreed to pay all collection fees applicable should its account become delinquent. Schnadig was forced to file a Counterclaim to collect Furniture Royal's unpaid debt and resolve its delinquent account. Thus, the parties' Credit Agreement entitles Schnadig to attorney's fees it incurred to collect Furniture Royal's debt.

### II.   PROCEDURAL BACKGROUND

The saga began on February 22, 2018, when Furniture Royal filed its Complaint, alleging the following causes of action:

(1) Price Fixing-Horizontal-Violation of 15 U.S.C.A. § 13;

(2) Conspiracy;

(3) Violation of Sherman Act, 15 U.S.C. § 1;

(4) Fraudulent Misrepresentation;

(5) Violation of 15 U.S.C.A. § 13 (Robinson-Patman Administration Act of 1936);

(6) Violation of Nevada Unfair Trade Practices Act (NRS 598A.060);

(7) Intentional Interference with Prospective Economic/Business Advantage; and

(8) Breach of Contract.

*See generally* Compl. (ECF No. 4).

Former defendant Wayfair responded with a motion for sanctions pursuant to FRCP 11, citing evidence fatal to Furniture Royal's antitrust claims; specifically, that Wayfair is a retail customer of Schnadig who purchases Schnadig products at wholesale, just like Furniture Royal, and not Schnadig's "advertising platform" through which Schnadig allegedly sold its goods directly to consumers. *See* Wayfair's Mot. for Rule 11 Sanctions (ECF No. 11).

On April 27, 2018, Schnadig moved to dismiss Furniture Royal's claims pursuant to FRCP 12(b)(6). *See* Mot. Dismiss Compl. (ECF No. 9).

On May 15, 2018, while Schnadig's motion to dismiss was pending, Schnadig made an Offer of Judgment to extinguish Furniture Royal's Claims, explaining in an accompanying letter to Furniture Royal that "[i]f Furniture Royal rejects this offer and fails to obtain a more favorable judgment, Schnadig would be able to recover its attorneys' fees and costs." *See* Offer of Judgment, attached hereto as **Exhibit 2**, at 2.  The letter referred to Schnadig's motion to dismiss with respect to the legal deficiencies with Furniture Royal's claims, but also explained facts that precluded any chance of Furniture Royal's success: that Wayfair is an online retailer who pays wholesale prices for Schandig's products that are no less than those paid by Furniture Royal. *Id.* at 1-2.  Furniture Royal rejected Schnadig's Offer of Judgment.

On December 13, 2018, the Court granted and denied in part Schnadig's motion to dismiss Furniture Royal's claims, dismissing the first seven claims for relief without prejudice and denying the motion with respect to eight claim for breach of contract. *See* Order (ECF No. 31). Furniture Royal did not file an amended complaint.  Thus, on December 21, 2018, Schnadig answered the single remaining breach of contract claim and asserted its own counterclaims for

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

1    breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust

2    enrichment arising out of Furniture Royal's failure to pay for furniture it purchased from Schnadig

3    as promised in the parties' 2010 credit agreement (the "Credit Agreement").  *See* Answer &

4    Countercl. (ECF No. 32).

5        Months later, on April 9, 2019, Furniture Royal finally filed a motion to amend the

6    complaint, seeking to re-plead antitrust, conspiracy, and fraud claims that were previously

7    dismissed without prejudice.  *See* Mot. Amd. Compl. (ECF No. 37).  Schnadig opposed the

8    motion, arguing that leave to amend should be denied for reasons of futility because the proposed

9    claims still failed to state a claim upon which relief could be granted, among other grounds.  *See*

10   Opp'n Pl.'s Mot. Amd. Compl. (ECF No. 40).   On July 30, 2019, the Magistrate Judge

11   recommended that Furniture Royal's motion to amend be granted and denied in part, such that

12   Furniture Royal would be allowed to plead claims for breach of contract and fraud, but denying

13   leave to amend all other claims as futile.  *See* Report & Recommendation (ECF No. 51).  Neither

14   party objected to the Report and Recommendation and it became the Order of the Court.  *See*

15   Order (ECF No. 65).

16       Furniture Royal filed the Amended Complaint on August 23, 2019, pleading claims for

17   fraudulent misrepresentation and breach of contract.  *See* Amd. Compl. (ECF No. 53).  Schnadig

18   answered on September 6, 2019.  *See* Answer Amd. Compl. & Countercl. (ECF No. 54).

19       On December 6, 2019, following the exchange of discovery, Schnadig moved for summary

20   judgment on its counterclaims against Furniture Royal.  *See* Def.'s Mot. Summ. J. Def.'s

21   Countercl. (ECF No. 59).  Furniture Royal filed a cursory opposition without any evidentiary

22   support and Schnadig replied to Furniture Royal's opposition.  *See* ECF Nos. 62, 63.

23       On March 25, 2020, Schnadig moved for summary judgment on Furniture Royal's

24   remaining claims for fraud and breach of contract.  Def.'s Mot. Summ. J. Pl.'s Claims (ECF No.

25   67).

26       Two days later, on March 27, 2020, Furniture Royal's counsel moved to withdraw,

27   representing Furniture Royal's failure to communicate or pay counsel's invoice as the reason for

28   her withdrawal. *See* Pl.'s Mot. Withdraw (ECF No. 71) at 2-3. Before Schnadig had an opportunity

to respond, the Magistrate Judge granted counsel's request. *See* Order (ECF No. 72). The Magistrate Judge further ordered Furniture Royal to advise the Court on before April 30, 2020 whether it would retain new counsel, and that failure to do so "may subject it to dispositive sanctions, including a recommendation for dismissal of this action." *Id.* at 2. Furniture Royal never notified the Court as to whether it would retain new counsel.

On July 29, 2020, the Court granted summary judgment against Furniture Royal on its groundless claims, and granted summary judgment in favor of Schnadig on its counterclaim for breach of contract. *See* Order (ECF No. 73) at 5, 7.  The Court's Order noted that Furniture Royal "[did] not oppose Schnadig's motion for summary judgment."  *Id.* at 5.

On August 14, 2020, the Court entered its Judgment in favor of Schnadig on its counterclaim for breach of contract in the principal amount of $37,710.25, awarding pre-judgment interest in the amount of $7,898.06 and post-judgment interest at the statutory rate until paid; entered Judgment in favor of Schnadig on Furniture Royal's claims for fraudulent misrepresentation and breach of contract; and dismissed Schnadig's claims for unjust enrichment and breach of the covenant of good faith and fair dealing.  *See* Judgment (ECF No. 75).

This Motion follows.

## III.    ARGUMENT

### A.    Applicable Legal Standards

A party may move for its attorney's fees within 14 days after entry of judgment.  FRCP 54(d)(2).  Such motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." FRCP 54(d)(2).  *See also Beach v. Wal-Mart Stores, Inc.*, 958 F. Supp. 2d 1165, 1169 (D. Nev. 2013) ("Fees are recoverable only if there is a rule, statute, or contract that authorizes such an award.") (citing *MRO Communic'ns v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999)). Local Rule 54-14 also requires the moving party to evaluate certain factors bearing on the reasonableness of the fees and provide an affidavit or declaration authenticating the motion's information.  *See* LR 54-14(b) – (c).

Following judgment in its favor, Schnadig moves for its attorney's fees on two grounds: (1) pursuant to the reasonable, good faith Offer of Judgment dated May 15, 2018 that Furniture

Royal rejected; and (2) with respect to its counterclaim against Furniture Royal for breach of contract, pursuant to the parties' Credit Agreement.

**B.    Schnadig is Entitled to its Post-Offer of Judgment Attorney's Fees**

Where, as here, a Court "is exercising its subject matter jurisdiction over a state law claim, a party may recover attorneys' fees under state law giving a right thereto if the law reflects a substantial policy of the state and does not run counter to a valid federal statute or rule of court." *Beach*, 958 F. Supp. 2d at 1170 (citing *MRO Communc'ns*, 197 F.3d at 1281). Schnadig's request for attorney's fees incurred on and after May 15, 2018 is based on NRS 17.117(1) and identical language in NRCP 68(f)(1)(B). Both the statute and the procedural rule reflect Nevada's substantial public policy of promoting settlement before trial by awarding costs and reasonable attorneys' fees. *Amezcua v. Jordan Transport, Inc.*, Case No. 2:13-cv-01608-APG-CWH, 2017 WL 1293994, at *1 n.1 (D. Nev. Mar. 31, 2017) (regarding NRS 17.117); *Schwartz v. Estate of Greenspun*, 881 P.2d 638, 642 (Nev. 1994) (regarding NRCP 68). Moreover, the Nevada Legislature articulated a policy of federal-state uniformity within the State of Nevada when it re-enacted NRS 17.117's offer-of-judgment rule in 2019,[1] adopting NRCP 68(f)(1)(B)'s offer-of-judgment language. *See Hr'g on Assemb. B. 418 before the Assemb. Comm. on Judiciary*, 80th Leg. (Nev. Apr. 4, 2019) (statement of Matthew Hoffman, Attorney) (A.B. 418 "mirror[s] NRCP 68, and ensur[es] that any party to a lawsuit is allowed to serve offers of judgment regardless of whether the case is in state court or has been removed to federal court").[2] NRS 17.117 thus satisfies FRCP 54(d) in affording a right to recover attorneys' fees as a reflection of Nevada's substantial public policy.

Under NRS 17.117(1), "[a]t any time more than 21 days before trial, any party may serve an offer in writing to allow judgment to be taken in accordance with the terms and conditions of the offer of judgment." A party that rejects an offer of judgment and fails to obtain a more

---

[1] Nevada's prior offer-of-judgment rule was repealed in 2015. *See Amezcua, Inc.*, 2017 WL 1293994, at *1 n.1 ("Nevada's related offer of judgment statute [NRS 17.115] was repealed by the Nevada Legislature in 2015.   . . .The repeal of the statute did not change the public policy of Nevada favoring settlement by awarding fees in connection with offers of judgment.").
[2] *Available at* https://www.leg.state.nv.us/Session/80th2019/Minutes/Assembly/JUD/Final/672.pdf.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

1  favorable judgment "***must pay the offeror's post-offer costs and expenses*** . . . applicable interest

2  on the judgment from the time of the offer to the time of entry of the judgment ***and reasonable***

3  ***attorney fees, if any be allowed, actually incurred by the offeror from the time of the offer***."

4  NRS 17.117(10)(b) (emphasis added). NRCP 68 states the same.  *See* NRCP 68(a), (f). In this

5  case, it is beyond dispute that Furniture Royal failed to beat Schnadig's offer.  Thus, Schnadig is

6  eligible to recover its fees that were incurred on and after May 15, 2018, the date Schnadig served

7  its Offer of Judgment on Furniture Royal.  *See* Ex. 1 ¶ 18; Ex. 2.

8       The Nevada Supreme Court set forth the factors a Court should consider in determining

9  whether to allow a recovery of attorney's fees under NRCP 68 in *Beattie v. Thomas*, 668 P.2d

10  268, 274 (Nev. 1983). *See MRO Communc'ns*, 197 F.3d at 1283-84 (9th Cir. 1999). Under *Beattie*,

11  the Court considers whether (1) Furniture Royal's claim was brought in good faith; (2) Schnadig's

12  offer of judgment was reasonable and in good faith in both timing and amount; (3) Furniture

13  Royal's decision to reject the offer and proceed was grossly unreasonable or in bad faith; and (4)

14  the fees Schnadig seeks are reasonable and justified. *Beattie*, 668 P.2d at 274.

15       Here, Schnadig made its Offer of Judgment to Furniture Royal on May 15, 2018. *See* Ex.

16  2. Schnadig's cover letter clearly explained Schnadig's rationale and position, "in the hope that it

17  will be helpful to [Furniture Royal] in evaluating [the] offer and bringing this case to a close before

18  needless, additional expense is required." *Id.*, at 1. The cover letter further explained the potential

19  consequences should Furniture Royal reject the offer and fail to obtain a more favorable judgment.

20  *Id.* at 2.  Importantly, the cover letter also explained the law and facts, with citation to a Schnadig

21  declaration signed under penalty of perjury, that were fatal to Furniture Royal's claims. *See id.* at

22  2 (citing Decl. of Lenwood Rich (ECF No. 22-1)). Furniture Royal failed to accept and therefore

23  rejected Schnadig's offer (Ex. 1 ¶ 18; NRS 17.117(9); NRCP 68(e)), and this Court subsequently

24  dismissed or granted summary judgment against Furniture Royal on all of its remaining claims

25  against Schnadig, and grant summary judgment in favor of Schnadig on its breach of contract

26  counterclaim against Furniture Royal. *See* Order (ECF No. 73) at 5, 7; Judgment (ECF No. 75).

27  Because Furniture Royal  rejected  Schnadig's offer of judgment and ultimately failed to obtain a

28  ///

1  more favorable judgment, the Court may award Schnadig its post-offer attorney's fees under NRS

2  17.117 and NRCP 68(f)(1)(B).

3      The first *Beattie* factor favors an award of fees.  As related above, this case asserted

4  numerous far-reaching theories of antitrust law.  From the beginning, both Schnadig and Wayfair

5  explained the fatal deficiencies with respect to Schnadig's antitrust claims. Furniture Royal's

6  primary contentions, upon which all of its claims were based, was that Wayfair was simply

7  Schnadig's "advertising platform" through which Schnadig sold furniture directly to consumers

8  and the contradictory allegation that Schnadig charged Furniture Royal more for its furniture

9  products than it charged Wayfair.[3]  From this faulty premise flowed Furntiure Royal's allegations

10  of vertical price fixing, horizontal price fixing, price discrimination, monopolization, antitrust

11  conspiracy, unlawful restraint of trade, unfair trade practices, intentional interference with

12  prospective economic advantage, and breach of an undefined contract comprised of a "course of

13  dealing, industry practice, the parties [sic] understanding, and [Schandig's] representations and

14  promises."  *See generally id.*; *id.* ¶ 100.

15      Both Schnadig and Wayfair took efforts to explain to Furniture Royal that Wayfair was

16  not Schnadig's advertising platform, but rather, a retail customer of Schnadig's, just like Furniture

17  Royal.  *See* Wayfair's Mot. Sanctions (ECF No. 11); Schnadig's Resp. Mot. Sanctions (ECF No.

18  22); Decl. of Lenwood Rich (ECF No. 22-1); *see also* Ex. 2 (explaining to Furniture Royal that

19  Wayfair is a furniture retailer, and that such fact is fatal to Furniture Royal's claims).  In addition,

20  Schnadig explained to Furniture Royal that it in fact charged Wayfair higher prices than it charged

21  Wayfair for the same furniture products:

22        Schnadig does not charge Furniture Royal higher pricing for Caracole furniture

23        than Wayfair for the same product.  To bring this matter to a cost-effective
      resolution, Schnadig submitted a declaration from its Senior Vice President of

24        Sales stating so under penalty of perjury.  ECF No. 22-1.  Under these
      circumstances, Schnadig has no doubt that it will be able to establish that no price

25        discrimination against Furniture Royal exists by motion or evidence at trial.
      Further discovery on this issue will further prove this fact, at significant expense.

26        This fact dooms the entirety of Furniture Royal's claims against Schnadig.

27  _____

28  [3] *See* Compl. (ECF No. 4) ¶¶ 7, 12, 14, 16, 20, 22, 24, 28, 29, 31, 34-45, 48-49, 53, 59, 64, 72, 77, 83-87, 97.

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

Ex. 2 at 2.  Though Furniture Royal survived Wayfair's Rule 11 motion for sanctions because its interpretation of Wayfair's public records was "not so egregious to warrant the 'extraordinary remedy' of Rule 11 sanctions," (Order (ECF No. 30) at 8), the antitrust claims were eventually dismissed with prejudice for failure to state a claim as a result of Schnadig's extensive briefing in the motion to dismiss and the opposition to Furniture Royal's motion to amend the complaint.

To further illustrate Furniture Royal's lack of good faith in bringing and prosecuting this lawsuit, the Court may also look to the procedural history of this case.  Specifically, after the Court dismissed all but one of Furniture Royal's claims (for breach of contract) **without prejudice** on December 13, 2018, Furniture Royal failed to amend the complaint within the time allowed. Rather, Schnadig waited several months to file a motion for leave to amend on April 9, 2019, seeking to re-assert the antitrust claims that were previously dismissed.  However, the Court denied leave to add the antitrust claims, finding that Furniture Royal had failed to correct any legal deficiencies, though it allowed Furniture Royal to bring its claim for fraud in addition to its breach of contract claim.  *See* Report & Recommendation (ECF No. 51); Order (ECF No. 65).  From there, Furniture Royal largely failed to participate in this action, providing only a cursory response to the summary judgment motion Schnadig filed on its counterclaims on December 6, 2019, and providing no response whatsoever to the summary judgment motion Schnadig filed on Furniture Royal's claims on March 25, 2020.  Rather, Furniture Royal's counsel withdrew as a result of lack of communication and lack of payment, and Furniture Royal failed to retain new counsel by April 30, 2020 as directed by the Court. Furniture Royal's utter lack of participation in prosecuting its own claims illustrates that they were not brought in good faith. Accordingly, the first *Beattie* factor weighs in favor of Schnadig.

As to the second and third *Beattie* factors, Schnadig's Offer of Judgment was reasonable and in good faith in both its timing and amount.  The offer was served on Furniture Royal while Wayfair's Rule 11 motion and Schnadig's first motion to dismiss were pending.  Thus, Wayfair had before it factual reasons – supported by Wayfair's evidence and Schnadig's declaration – and legal reasons why its claims against both parties would eventually fail. Furniture Royal was also aware at the juncture that Schnadig would assert its counterclaim if Furniture Royal did not accept

McDONALD CARANO
100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

1  the Offer of Judgment and if the case proceeded past the pleading stage.  *See* Ex. 2 at 2.  Under
2  these circumstances, the amount of the offer, $401.00, was reasonable.

3      Third, Furniture Royal's decision to reject the offer and proceed was grossly unreasonable
4  in light of the facts and legal arguments available to Furniture Royal at that juncture and in light
5  of Furniture Royal's failure to meaningfully oppose either summary judgment motion.  Indeed,
6  the docket reflects that Furniture Royal's participation in this action from there was minimal, at
7  best.  Thus, the third *Beattie* factor weighs in favor of an award of Schnadig's post-offer fees.  Had
8  Furniture Royal accepted Schnadig's offer, Schnadig would not have incurred the attorney's fees
9  it incurred in defeating Furniture Royal's claims with the facts, legal arguments, and evidence it
10  shared with Furniture Royal long ago, and that Furniture Royal utterly failed to rebut.

11      Finally, the attorneys' fees Schnadig seeks are reasonable and justified for the reasons set
12  forth below.  *See infra* Part III.D.

13      For the foregoing reasons, Schnadig respectfully requests that the Court award its post-
14  offer of judgment fees in the amount of $83,375.50.

15  **C.   The Express Terms of the Credit Agreement Entitle Schnadig to Attorney's**
16  **       Fees Incurred Prosecuting its Counterclaim**

17      The parties' Credit Agreement expressly provides that Furniture Royal "agrees to pay
18  collection fees applicable if our account becomes delinquent."  *See* Ex. 3.  When interpreting a
19  contract's provision for attorney's fees, "[t]he objective . . . as with all contracts, is to discern the
20  intent of the contracting parties. . . .the initial focus is on whether the language of the contract is
21  clear and unambiguous; if it is, the contract will be enforced as written." *Davis v. Beling*, 278 P.3d
22  501, 515 (Nev. 2012). "Nevada case law strongly supports freedom of contract, and in Nevada, a
23  contractual provision for the recovery of attorneys' fees will be enforced according to its express
24  terms." *Fid. & Deposit Co. of Md. v. Big Town Mech., LLC*, No. 2:13-CV-00380-JAD, 2017 WL
25  5165044, at *4 (D. Nev. Nov. 7, 2017).  In Nevada, a contractual provision that entitles a party to
26  recover attorney fees incurred in collecting a debt is enforceable. *See Dobron v. Bunch*, 215 P.3d
27  35, 38-39 (Nev. 2009) (interpreted a contract provision to allow the lender to recover attorney's
28  fees from the borrower for "the lender's attempts to 'collect or compromise' the loan"); *see also*

*Morales v. Aria Resort & Casino, LLC,* No. 2:11-CV-02102-LRH, 2014 WL 1814278, at *1 (D. Nev. May 7, 2014) (ordering an attorney's fee award under NRS 18.010(1) pursuant to a credit application whereby the applicant "agreed to pay . . . all costs of collection, including attorney's fees and court costs").

Here, Furniture Royal failed to pay outstanding amounts due under the parties' Credit Agreement, despite repeated demand.  Order (ECF No. 73) at 4-5 (citing ECF No. 59 at 2-3; ECF No. 59-3).  Thus, it was necessary for Schnadig to assert and prosecute a Counterclaim in order to collect the outstanding debt, which necessarily required Schnadig to incur attorney's fees. Because Furniture Royal agreed "to pay collection fees applicable if our account becomes delinquent," the plain language of the parties' Credit Agreement entitles Schnadig to an award of the attorneys' fees it incurred in connection with its Counterclaim.

Furniture Royal agrees that attorneys' fees that Schnadig incurred in prosecuting its Counterclaim seeking to collect a debt constitute "collection fees" under the Credit Agreement. In its Response to Schnadig's Motion for Summary Judgment, Furniture Royal explicitly conceded that Schnadig's Counterclaim was an attempt to collect a debt. Furniture Royal argued, albeit incorrectly, that "Schnadig has no standing to ***collect on a debt assigned for collection*** to Sinosure," and "[t]he assignment to Sinosure precludes ***collection on the debt by Schnadig.***"  Pl.'s Resp. Mot. Summ. J. (ECF No. 62) at 4, 5 (emphasis added). This Court rejected that argument and granted summary judgment in favor of Schnadig on its Counterclaim because "[i]t is undisputed that Furniture Royal and Schnadig's credit agreement is a valid and enforceable contract," and "Furniture Royal has failed to pay the outstanding invoices, which remain unpaid despite Schnadig's demand and **collection** efforts." Order (ECF No. 73) at 4, 5 (emphasis added).

Accordingly, Schnadig is entitled to an award of it "collection fees," including its attorney's fees, it incurred in filing and prosecuting its Counterclaim to collect the delinquent amounts Furniture Royal owed under the parties' Credit Agreement.

### D.     Schnadig's Requested Attorney's Fees are Reasonable and Necessary

Local Rule 54-14 requires a party moving for attorney's fees to analyze various factors the Court may use in considering the reasonableness of the attorney's fees sought.  *See* LR 54-

14(b)(3).  Similarly, when evaluating whether an attorney's fees request is reasonable, "the trial court must conduct its analysis in light of the factors identified in *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 455 P.2d 31, 33 (1969), namely, the 'advocate's professional qualities, the nature of the litigation, the work performed, and the result.'" *Coker Equip. Co., Inc. v. Wittig*, 366 F. App'x 729, 733 (9th Cir. 2010) (citing *Brunzell* and quoting *Albios v. Horizon Communities, Inc.*, 132 P.3d 1022, 1034 (Nev. 2006)).  Local Rule 54-14 also asks the party to produce a "reasonable itemization and description of the work performed."  LR 54-14(b)(1).  Finally, the motion must include an affidavit or declaration from the attorney responsible for billing in the case supporting the information in the motion and confirming the attorney appropriately reviewed and edited the bill.  *See* LR 54-14(c).  To discharge this burden, Schnadig provides the declaration of Lisa Wiltshire Alstead as **Exhibit 1** to the Motion.   The corresponding itemized billing statements detailing the attorney's fees sought are attached to Ms. Alstead's declaration.   Ms. Alstead has reviewed the invoices and finds the charges reasonable, actually incurred, and necessary for Schnadig's defense and prosecution of its counterclaims.

### 1.    Amount of Attorney's Fees Incurred[4]

As a result of Furniture Royal's rejection of the May 15, 2018 Offer of Judgment and as a result of the collection fee provision in the parties' contract, Schnadig is entitled to $83,375.50 in reasonable attorney's fees. These represent fees incurred on or after May 15, 2018 as the Counterclaims were not asserted until after that date.  Thus, the fees to which Schnadig is entitled pursuant to its Offer of Judgment and the parties' Credit Agreement is encompassed within this total. These fees are reasonable given the successful result that Schnadig obtained.  Additionally, given the substantial amount in dispute,[5] the fees are consistent with such commercial litigation.

### 2.    Itemized Description of Work Performed

The work in this case was fairly extensive, totaling two-and-a-half years of litigation.  The

---

[4] Each of the factors is verified and discussed in further detail in Ms. Alstead's attached declaration and that exhibits thereto.

[5] Furniture Royal sought damages "in excess of" $1 million. *See* Compl. (ECF 4) at ¶¶ 51, 54, 61, 68, 74, 79, 92; Amd. Compl. (ECF No. 53) at ¶ 59.

attorneys involved investigated a complaint, investigated and drafted counterclaims, moved to dismiss, opposed leave to amend, filed two summary judgment motions and several other papers with the Court.  For ease of reference, the attorney's fees are summarized in the following table:

| Billing Attorney | Total Time | Total Fees Billed |
|---|---|---|
| Lisa Wiltshire Alstead | 92.20 hours | $ 36,880.00 |
| Craig A. Newby | 31.80 hours | $12,720.00 |
| Laura Jacobsen | 79.50 hours | $ 30,052.50 |
| Chelsea Latino | 1.00 hours | $     260.00 |
| Kelci Binau | .85 hours | $     212.50 |
| Emily Dubansky – Contract Attorney | .50 hours | $       90.00 |
| Brian Grubb - Paralegal | .30 hours | $       52.50 |
| Ashley Edmonds - Paralegal | 15.50 hours | $   2,867.50 |
| Karen Surowiec - Paralegal | .50 hours | $       92.50 |
| Jowi Asmar – Law Clerk | .80 hours | $     148.00 |
| **Total:** | **222.95 Hours** | **$ 83,375.50** |

All attorneys and paralegals were conscientious in not billing Schnadig for duplicative activities but worked closely together to ensure that the client obtained the required outcome. Attorneys in this case delegated certain tasks to paralegals and law clerks who were billed at lower rates.  Every fee incurred in this matter was directly related to defending Schnadig against Furniture Royal's claims or to enforcing Schnadig's rights under the Credit Agreement.

### 3.    The Identities and Experience, Reputations, and Abilities of Attorneys Representing Schnadig

McDonald Carano is a premier law firm in Nevada, recognized by the Court as one of the top law firms in the country.  *See Aevoe Corp. v. Shenzhen Membrane Precise Electron Ltd.*, No. 2:12-CV-00054-GMN, 2012 WL 2244262, at *5 (D. Nev. June 15, 2012).  McDonald Carano was founded in 1949 and currently has over 50 lawyers in offices in Las Vegas, Reno, and Carson City.  Chambers & Partners recognized McDonald Carano in its international legal directory, the Chambers USA Guide 2019 and 2020.  The firm was repeatedly recognized as one of the country's leading firms in the "Best Law Firms" rankings from U.S. News & World Report and The Best Lawyers in America.  Corporate Counsel named McDonald Carano as a Go-To Law Firm for the Top 500 Companies.

Regarding the individual billing attorneys on this case, Lisa Wiltshire Alstead is a partner in McDonald Carano and has over 12 years of commercial litigation experience, and her hourly rate in this matter was $400. She received her law degree from California Western School of Law in 2006 and a bachelor of the arts from Pepperdine University in 2001. She served as law clerk for the Honorable Gregg W. Zive of the U.S. Bankruptcy Court in Reno. Ms. Alstead was named as one of the Best Lawyers in America in the area of bankruptcy and creditor debtor rights in 2018 and 2019 and has been named Legal Elite by *Nevada Business Magazine* in the areas of Commercial & Complex Litigation and Employment Law. Ms. Alstead is licensed in Nevada and California and has represented clients in all aspects of commercial litigation in state court, federal court, and the Ninth Circuit Court of Appeals.

Craig A. Newby was also a partner at McDonald Carano with almost 20 years of litigation experience prior to leaving the firm in order to serve as Deputy Solicitor General for the State of Nevada in April 2019, and his rate in this matter was $400 per hour. Mr. Newby received his law degree from Harvard University Law School in 2000 and a bachelor of science from the University of Wisconsin-Madison with distinction in 1996. During his time at McDonald Carano, Mr. Newby was named as Legal Elite by *Nevada Business Magazine* in the areas of Commercial and Complex Litigation and Construction Law and Litigation. He also achieved a Martindale-Hubbell AV Preeminent Peer Review Rating and was named a Rising Star by Super Lawyers. Mr. Newby has represented clients in all aspects of commercial litigation in state court, federal court, the Ninth Circuit Court of Appeals, and the Seventh Circuit Court of Appeals.

Laura R. Jacobsen is also a partner at McDonald Carano and her rate in this matter was $300 - $375 per hour.[6] Ms. Jacobsen received her law degree from Stanford University Law School in 2011 and her bachelor of the arts degree from Stanford University in 2008. She served as law clerk to the Honorable Edward C. Reed, Jr. and judicial extern to the Honorable Brian E. Sandoval of the District of Nevada. Ms. Jacobsen has been named Legal Elite by *Nevada Business Magazine* in the areas of Commercial and Complex Litigation, Employment & Labor Law, and

---

[6] Ms. Jacobsen's hourly rate started at $325 and gradually increased to $375 to reflect her change in status from associate to partner and to reflect a rate increase from 2018 through 2020.

McDONALD CARANO

100 WEST LIBERTY STREET, TENTH FLOOR • RENO, NEVADA 89501
PHONE 775.788.2000 • FAX 775.788.2020

Appellate Law. Ms. Jacobsen has represented clients in all aspects of commercial litigation in the state and federal courts of Nevada and California and the Ninth Circuit Court of Appeals.

Mr. Newby, Ms. Jacobsen, and—following Mr. Newby's departure from the firm—Ms. Alstead were the principal litigation attorneys for this matter. Various attorneys and paralegals from McDonald Carano assisted in the matter with discrete tasks.

Ms. Latino is an attorney at McDonald Carano, and her hourly rate in this matter was $260. Ms. Latino earned her law degree, cum laude, from the University of Nevada, Las Vegas – William S. Boyd School of law and her bachelor of the arts degree, magna cum laude, from the University of Nevada, Reno. Prior to joining the firm, Ms. Latino served as a judicial law clerk to the Honorable Justice Mark Gibbons of the Nevada Supreme Court. Ms. Latino is licensed in Nevada and California and regularly assists clients in commercial and complex litigation.

Ms. Binau is an attorney at McDonald Carano, and her rate in this matter was $250 per hour. Ms. Binau received her law degree with great distinction from the University of the Pacific, McGeorge School of Law, and a master's and a bachelor of the arts degree from the University of Nevada, Reno. She is licensed in Nevada and California and regularly assists clients in complex business matters and disputes.

Ms. Dubansky is a contract attorney with McDonald Carano, and her rate in this matter was $180 per hour. Ms. Dubansky received her law degree from the University of Maryland School of Law and her bachelor of the arts degree from the University of California, Berkeley. Ms. Dubansky previously served as law clerk to the Honorable Anthony W. Ishii of the United States District Court for the Eastern District of California. Ms. Dubansky has extensive experience in complex commercial litigation.

For ease of reference, professional biographies for each attorney for which fees are sought are appended to Ms. Alstead's declaration.

**4.     Customary Attorney Fee Rates for Such Cases**

All attorney's fees sought in this matter are the customary rate, if not lower than the customary rate, charged by similar firms or attorneys in the practice of federal court litigation involving a complex commercial dispute sounding in antitrust, conspiracy, fraud, and breach of

1   contract.  No attorney on this matter charged more than $400 per hour.  The antitrust claims, in

2   particular, were complex, wide-ranging, and as such required significant expertise.  *See generally*

3   Mot. Dismiss (ECF No. 9); Opp'n Pl.s' Mot. Amd. Compl. (ECF No. 40). As such, the antitrust

4   and procedural expertise required to successfully litigate this matter necessitated the billable rates

5   charged in this matter.

6         Other district court judges in this district have previously upheld similar and higher rates

7   for McDonald Carano's attorneys.  *See Pardee v. AG RW-Canyons LLC*, No. 2:16-cv-01952-JAD-

8   PAL, 2018 WL 10455160, at *4 (D. Nev. Mar. 27, 2018) ("Lundvall declares that her hourly rate

9   during this case was $625 . . . I find that Pardee has demonstrated that the billing rates for the one

10  partner ($625) and three associate attorneys ($300, $275 and $235) who worked on this case are

11  reasonable."); *Pool v. Gail Willey Landscaping, Inc.*, No. 3:16-CV-00019-HDM-VPC, 2017 WL

12  343640, at *1 (D. Nev. Jan. 23, 2017) ("It is customary for attorneys to bill an hourly rate for legal

13  services provided, and Ms. Goddard attests that her hourly rate is $425, and an associate assigned

14  to the case, Ms. Jacobsen, charges an hourly rate of $300 . . . The court finds both of these hourly

15  rates to be reasonable and comparable to hourly rates attorneys practice before this court routinely

16  charge."); *Aevoe Corp.*, No. 2:12-CV-00054-GMN, 2012 WL 2244262, at *5 (D. Nev. June 15,

17  2012) ("Ms. McPeak avers that she billed . . at the rate of $375/hr . . . . The fees and costs charged

18  by the McDonald Carano Wilson law firm are the rate that reflect the customary rate charged to

19  the firm's clients for similar litigation, and are comparable to the rates charged by attorneys at

20  similarly situated Nevada based firms. McDonald Carano Wilson has received national

21  recognition as one of the top law firms in the country.").  It is believed the billing rates for the

22  attorneys and paralegals in this case are reasonable and customary, especially based on their

23  experience, reputation, and ability as described above.

24         **5.      The Results Obtained and the Amount Involved**

25         McDonald Carano obtained nothing short of complete victory in this matter.  Through a

26  motion to dismiss, an opposition to motion for leave to amend, discovery, and a motion for

27  summary judgment, McDonald Carano successfully defeated Furniture Royal's wide-ranging

28  claims seeking more than $1 million for various and several purported antitrust violations, civil

conspiracy, breach of contract, intentional interference, and fraudulent misrepresentation. In addition, Schnadig successfully asserted, prosecuted, and won summary judgment against Furniture Royal on it claim for breach of contract related to Furniture Royal's failure to pay outstanding amounts due under the parties' Credit Agreement.  The judgment included the entire principal amount sought, as well as an award of pre- and post-judgment interest, which continues to accrue.  Through targeted and deliberate motion work and discovery, McDonald Carano achieved success for Schnadig on all accounts without going to trial.

### 6.    Time and Labor Required

The work that McDonald Carano performed for Schnadig on this case is discussed above and broken down into detail on the billing invoices attached to Ms. Alstead's declaration.  In particular, briefing the motions attacking Furniture Royal's antitrust claims as pleaded as well as the two summary judgment motions necessarily required counsel's extensive time and effort. Schnadig's attorneys were careful not to duplicate efforts on Schnadig's behalf, and the time and labor required is consistent with complex civil litigation.  Mr. Newby and then Ms. Alstead litigated the matter as lead counsel. Ms. Jacobsen drafted the pleadings, the motion to dismiss and the opposition to the motion for leave to amend which resulted in the elimination of the numerous antitrust claims. Ms. Alstead drafted the summary judgment motions. Ms. Alstead and Ms. Jacobsen shared discovery reponsibilities. Ms. Latino, Ms. Binau, and Ms. Dubansky assisted with legal research.

### 7.    The Novelty and Difficulty of the Questions Involved

Schnadig's attorneys addressed the novelty of matters raised by Furniture Royal's claims asserting numerous theories of various antitrust violations, defeating those claims as a matter of law with extensive legal research and argument. Furniture Royal's claims for monopolization, price discrimination, antitrust conspiracy, and unfair competition were fairly novel, requiring research and argument with respect the underlying allegation that co-defendant Wayfair was Schnadig's "advertising platform" through which it allegedly competed with its own customer, Furniture Royal.  Schnadig's arguments challenging the legal adequacy of Furniture Royal's claims was ultimately successful.  While not novel, defeating Furniture Royal's claim for fraud

1   and breach of contract, related to an allegation that Schnadig "promised" Furniture Royal that it
2   would not compete with Furniture Royal as some part during the several years of the parties'
3   course of dealing required fairly extensive investigation and discovery of ESI.  Finally, each
4   summary judgment motion necessarily required extensive briefing and argument, as is generally
5   required when a party successfully seeks summary judgment.

### 8. The Skill Required to Perform the Legal Services Properly and the Preclusion of Other Employment While Exercising that Skill

As discussed above, the skill of the attorneys for Schnadig was instrumental in obtaining a complete victory in this matter. Counsel utilized familiarity with complex, commercial litigation, procedural rules, antitrust and contract law to successfully defend this case. Schnadig utilized familiary with complex commercial litigation to successfully prosecute its breach of contract counterclaim against Furniture Royal in the midst of an ongoing suit.  This work precluded Schandig's attorneys from workin on matters for other clients. Schnadig obtained a complete victory without the need for a trial.  Thus, the attorneys achieved success for Schnadig in this case at an amount of fees that is substantially less than had the matter gone to trial.

### 9. The Fee Agreement

The fee arrangement in this case was a standard fixed agreement based upon the hourly rates for time worked.

### 10. Time Limitations Imposed by the Client, the Undesirability of the Case, and the Nature and Length of the Professional Relationship With the Client

Schnadig did not impose any time limitations upon McDonald Carano, and the case was not undesirable.  McDonald Carano represented Schnadig in this matter for the past two-and-a-half years.  Acting in its client's best interest, McDonald Carano worked to obtain the desired result in the most cost-effective manner.

### 11. Awards in Similar Cases and Any Other Relevant Information

This case was unique; therefore, awards in similar cases do not appear relevant.  Though Schnadig has provided all information it believes relevant, it will supplement this Motion should the Court so require.

1

## IV.    CONCLUSION

2          Schnadig is entitled to its post-offer fees incurred in defending Furniture Royal's claims

3    because Furniture Royal rejected Schnadig's reasonable and good faith Offer of Judgment.

4    Furniture Royal did so after Schnadig explained to Furniture Royal early in this case the facts and

5    legal flaws that were fatal to its claims. In addition, Schnadig is entitled to its fees incurred in

6    prosecuting its Counterclaim against Furniture Royal, enforcing the Credit Agreement pursautn

7    to which Furniture Royal agreed to pay all collections fees.  The fees sought in this Motion, were

8    actually incurred, necessary and reasonable given the complexities of this case.  Accordingly,

9    Schnadig respectfully requests **$83,375.50** in reasonable attorney's fees.

10          Respectfully submitted this 28th day of August 2020.

11                                   McDONALD CARANO LLP

12                                   By: */s/ Laura R. Jacobsen*

13                                   Lisa Wiltshire Alstead (#10470)
                                     Laura R. Jacobsen (#13699)

14                                   100 W. Liberty St., 10th Floor
                                     Reno, NV 89501

15                                   lalstead@mcdonaldcarano.com
                                     ljacobsen@mcdonaldcarano.com

16

17                                   *Attorneys for Defendant/Counterclaimant*
                                     *Schnadig International Corp.*

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Pursuant to F.R.C.P. 5(b), I hereby certify that I am an employee of McDONALD CARANO LLP and that on August 28, 2020, I certify that I was caused to be delivered in the United States mail, enclosed in a sealed envelope, upon which first class postage was placed, a true copy of **SCHNADIG INTERNATIONAL CORP.'S MOTION FOR ATTORNEY'S FEES** addressed to the following individual at his last known address as follows:

Furniture Royal, Inc.
2000 S. Rainbow Blvd.
Las Vegas, NV  89146

_____/s/ *Pamela Miller*_____
An Employee of McDonald Carano LLP

4829-3138-8088, v. 1

**INDEX OF EXHIBITS**

| EXHIBIT | DESCRIPTION | NO. OF PAGES |
|---------|-------------|--------------|
| 1. | Declaration of Lisa Wiltshire Altead in Support of Schnadig International Corp.'s Motion for Attorneys' Fees | 2 |
| 2. | Offer of Judgment | 5 |
| 3. | Credit Agreement | 3 |